12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK S. MERADO, on behalf of himself and all )
other persons and entities similarly situated, )
                                      )
        Plaintiff, )
                                        )
    v. )    C.A. No. 06-71 (GMS)
                                        )
ASTRAZENECA PHARMACEUTICALS LP, )
ASTRAZENECA LP, ASTRAZENECA AB, and )
AKTIEBOLAGET HASSLE, )
                                        )
        Defendants. )

NEIL LEFTON, on behalf of himself and all )
others similarly situated, )
                                        )
        Plaintiff, )
    v. )    C.A. No. 06-73 (GMS)
                                        )
ASTRAZENECA PHARMACEUTICALS LP, )
ASTRAZENECA LP, ASTRAZENECA AB, and )
AKTIEBOLAGET HASSLE, )
                                        )
        Defendants. )

MARY ANNE GROSS, on behalf of herself and )
all others similarly situated, )
                                        )
        Plaintiff, )
    v. )    C.A. No. 06-81 (GMS)
                                        )
ASTRAZENECA AB, AKTIEBOLAGET )
HASSLE, and ASTRAZENECA LP, )
                                        )
        Defendants. )

RECEIVED
MAR 3 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

INTERNATIONAL ASSOCIATION OF FIRE )
FIGHTERS LOCAL 22 HEALTH & WELFARE )
FUND; AMERICAN FEDERATION OF )
STATE, COUNTY AND MUNICIPAL )
EMPLOYEES DISTRICT COUNCIL 47 )
HEALTH AND WELFARE FUND; and )
UNITED FOOD AND COMMERCIAL )
WORKERS UNION LOCAL 1776 AND )
PARTICIPATING EMPLOYERS HEALTH )
AND WELFARE FUND, on behalf of )  C.A. No. 06-83 (GMS)
themselves and all others similarly situated, )
)
        Plaintiffs, )
    v. )
)
ASTRAZENECA PHARMACEUTICALS LP; )
ASTRAZENECA LP; ASTRAZENECA AB; )
and AKTIEBOLAGET HASSLE, )
)
        Defendants. )
)

---

 )
A.F. OF L. AGC BUILDING TRADE )
WELFARE PLAN and SHEET METAL )
WORKERS LOCAL 441 HEALTH & )
WELFARE PLAN, on behalf of themselves and )
all others similarly situated, )
)  C.A. No. 06-86 (GMS)
        Plaintiffs, )
    v. )
)
ASTRAZENECA PHARMACEUTICALS LP, )
ASTRAZENECA LP, ASTRAZENECA AB, and )
AKTIEBOLAGET HASSLE, )
)
        Defendants. )

---

|  |  |  |
|---|---|---|
| UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL NO. 74 HEALTH AND PENSION FUND and UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL NO. 203 HEALTH AND PENSION FUND, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) | C.A. No. 06-93 (GMS) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ASTRAZENECA AB, AKTIEBOLAGET HASSLE, and ASTRAZENECA LP, | ) ) ) | |
| Defendants. | ) ) | |
| PLUMBERS AND PIPEFITTERS LOCAL 572 PENSION FUND, on behalf of itself and all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | C.A. No. 06-102 (GMS) |
| ASTRAZENECA PHARMACEUTICALS LP, a Delaware Corporation, ASTRAZENECA LP, ASTRAZENECA AB, AKTIEBOLAGET HASSLE, | ) ) ) ) ) | |
| Defendants. | ) ) | |

3

NATIONAL JOINT POWERS ALLIANCE,   )
on behalf of itself and all others similarly situated,  )
                       )
                       )
               Plaintiffs,   )
                       )
        v.             )   C.A. No. 06-116 (GMS)
                       )
ASTRAZENECA AB, a Swedish Corporation,   )
AKTIEBOLAGET HASSLE, a Swedish    )
Corporation, ASTRAZENECA LP, a     )
DelawareLimited Partnership, and     )
ASTRAZENECA PHARMACEUTICALS, LP, a  )
Delaware Limited Partnership.      )
                       )
              Defendants.

### PRETRIAL ORDER NO. 1 REGARDING
### CONSOLIDATION OF END-PAYOR ACTIONS

      WHEREAS, plaintiffs have filed Complaints (the "Complaints") in the above-referenced actions for alleged violations of the antitrust and consumer protection laws involving the brand name prescription drug Toprol-XL® (metoprolol succinate) extended release tablets and its generic equivalents, pursuant to Section 2 of the Sherman Act, 15 U.S.C. § 2, and the antitrust and/or consumer protection statutes of certain states;

      WHEREAS, defendants intend to deny such allegations;

      WHEREAS, plaintiffs are end-payors of Toprol-XL and seek to proceed on behalf of a proposed class of similarly-situated end-payors; and

      WHEREAS, plaintiffs and defendants believe consolidation of the Complaints will avoid unnecessary costs and promote the efficient conduct of proceedings therein;

      NOW, THEREFORE, THE COURT ORDERS as follows:

## I.    CONSOLIDATION AND COORDINATION

1.    The actions identified in the caption hereto are consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.  Any subsequently filed case brought on behalf of a proposed class of end-payors of Toprol-XL, that arises out of the same operative facts as the above-captioned actions, shall be consolidated with these actions and be subject to this ~~Case Management~~ *PRETRIAL* Order No. 1 (the "Order").  The current actions and those that may be consolidated with the current actions are collectively referred to as the "Consolidated End-Payor Actions."

2.    The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such, in accordance with the Federal Rules of Civil Procedure.  The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

## II.    CAPTION OF CASES

1.    Every pleading filed in the Consolidated End-Payor Actions shall bear the following caption:

IN RE: METOPROLOL SUCCINATE          )
END-PAYOR ANTITRUST LITIGATION       )          Civil Action No.  06-71 (GMS)
                                     )
                                     )
THIS DOCUMENT RELATES TO:            )
                                     )

2.    When a pleading or other court paper filed in the Consolidated End-Payor Actions is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above.  When a pleading or

other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the action(s) to which the document is intended, by plaintiff name(s) and docket number(s).

## III.    MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS

1.    A Master Docket and a Master File are hereby established for the Consolidated End-Payor Actions.

2.    Documents shall bear the caption of the actions in which the authors intend the documents to be served and/or filed. Entries shall be made on the dockets, and copies of documents placed in the files, of those actions whose captions appear on the pleading or court paper.

3.    Separate dockets shall be maintained for each of the Consolidated End-Payor Actions and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

4.    When a pleading or other court paper is filed and the caption shows that it is to be applicable to "All Actions," the Clerk shall file such pleading or other court paper in the Master File and note such filing in the Master Docket. No further copies need to be filed or docket entries made.

5.    When a pleading or other court paper is filed and the caption shows that it is applicable to fewer than all actions that are Consolidated before this Court, the Clerk needs to file such pleading or other court paper only in the Master File, but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

6.    Within sixty (60) days of the entry of this Order, Co-Lead Counsel shall file with

the Court a Consolidated Complaint in the Consolidated End-Payor Actions, which shall serve as the operative Complaint in the Consolidated End-Payor Actions, unless subsequently amended. Upon such filing, all Defendants will be deemed to have accepted service thereof, without waiver of any jurisdictional or other defenses.

7.      Defendants shall answer, move or otherwise plead to the Consolidated Complaint within sixty (60) days of the filing of such Consolidated Complaint.

8.      Upon entry of this Order, all Defendants will be deemed to have accepted service of the Complaints listed in Schedule A hereto, without waiver of any jurisdictional or other defenses. Defendants shall have no obligation to answer, move or otherwise plead with respect to any of the previously filed Complaints in the Consolidated Actions or to the complaints subsequently filed in cases that are consolidated with these end-payor actions in this Court.

## IV.     NEWLY FILED OR TRANSFERRED ACTIONS

9.      This Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing or transfer of any case which might properly be consolidated as part of the Consolidated End-Payor Actions.

10.     When a case that relates to the subject matter of the Consolidated End-Payor Actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

      a.      Make an appropriate entry in the Master Docket;

      b.      Place a copy of this Order in the separate file for such action;

7

      c.      Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred case, and to the attorneys for any new defendant(s) in the newly filed or transferred case; and

      d.      Mail a copy of the Order of assignment to Liaison Counsel designated in ¶ 17(a), and to counsel for defendants in the Consolidated End-Payor Actions.

      11.      This Order shall apply to each such case referenced in ¶¶ 1 and 14 unless a party objecting to the coordination or consolidation of such case or to provision of this Order shall, within ten (10) days after the date upon which an Order is mailed to counsel for such party, file an application for relief from this provision and this Court deems it appropriate to grant such application.

## V.    ORGANIZATION OF COUNSEL

      1.      The Consolidated End-Payor Actions are listed in Schedule A attached hereto. Schedule A shall be amended to include any action(s) brought on behalf of a proposed class of end-payors of Toprol-XL subsequently filed in, or transferred to, this Court.

      2.      The Court designates the following to act on behalf of all plaintiffs in the Consolidated End-Payor Actions, with the responsibilities hereinafter described:

      a.      As Co-Liaison Counsel:

> **PRICKETT, JONES & ELLIOTT, PA**
> 1310 King Street
> P.O. Box 1328
> Wilmington, DE 19899-1328
>
> **CHIMICLES & TIKELLIS, LLP**
> One Rodney Square
> P.O. Box 1035
> Wilmington, DE 19899

b.      As Co-Lead Counsel:

**SCHIFFRIN & BARROWAY, LLP**
280 King of Prussia Road
Radnor, PA 19087

**FINE, KAPLAN AND BLACK, R.P.C.**
1835 Market Street, 28th Floor
Philadelphia, Pennsylvania 19103

**MILBERG WEISS BERSHAD & SCHULMAN, LLP**
Michael M. Buchman
J. Douglas Richards
One Pennsylvania Plaza
New York, NY 10119

3.      Defendants' counsel of record are:

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Jack B. Blumenfeld
Karen Jacobs Louden
Chase Manhattan Centre, 18th Floor
1201 N. Market Street
Wilmington, DE 19899

**DAVIS POLK & WARDWELL**
Arthur F. Golden
Ronan P. Harty
450 Lexington Avenue
New York, NY 10017

4.      Liaison Counsel in the Consolidated End-Payor Actions are charged with performing, on behalf of all plaintiffs in the Consolidated End-Payor Actions, administrative matters such as communications with clerical staff of the Court and with other counsel (including receiving and distributing notices, orders, motions and briefs on behalf of the group), advising parties of developments in the case and otherwise assisting in the coordination of activities and positions.

5.      Co-Lead Counsel in the Consolidated End-Payor Actions, working together in a

9

coordinated fashion, shall have sole authority over the following matters on behalf of all plaintiffs in the Consolidated End-Payor Actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as they may deem appropriate; (e) collecting time and expense reports from such other counsel on a periodic basis; (f) the retention of experts; (g) designation of which attorneys may appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations with defendants; (i) the allocation of fees, if any are awarded by the Court; and (j) other matters concerning the prosecution of the Consolidated End-Payor Actions. Co-Lead Counsel shall be responsible for the overall direction and administration of the Consolidated End-Payor Actions.

6.      No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated End-Payor Actions except through the respective Co-Lead Counsel.

7.      Co-Lead Counsel and Liaison Counsel in the Consolidated End-Payor Actions, or their designees, shall have sole authority to communicate with Defendants' Counsel and the Court on behalf of all plaintiffs in the Consolidated End-Payor Actions. Defendants' Counsel may rely on all agreements made with Co-Lead Counsel in the Consolidated End-Payor Actions, and such agreements shall be binding on all counsel in the Consolidated End-Payor Actions.

8.      The organizational structure of plaintiffs' counsel established in ¶ 17 herein shall likewise apply to any and all actions described in ¶¶ 1 and 14.

9.      **Time Records**.  All plaintiffs' counsel in the Consolidated End-Payor Actions shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses to Co-Lead Counsel, or their designee.

10

## VI.    FILING AND SERVICE OF DOCUMENTS

1.    The Parties shall file and serve all papers in accordance with the Electronic Case Filing Policies and Procedures ("ECF Procedures") of this Court. Defendants' service of papers by ECF Procedures on each Co-Lead Counsel and Liaison Counsel constitutes service on Plaintiffs. Plaintiffs shall serve papers on Defendants by ECF Procedures. To the extent that papers are filed under seal, the papers shall be served on counsel listed in paragraphs 17 and 18.

2.    Notwithstanding any other provision herein, time shall be computed according to the Federal Rules of Civil Procedure and local rules of the United States District Court for the District of Delaware.

## VII.    PRESERVATION OF DOCUMENTS

1.    During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer and electronically generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation. Nothing in this paragraph is intended to change or otherwise modify the parties' obligations under the Federal Rules of Civil Procedure.

## VIII.    CONFIDENTIALITY ORDER

1.    Until entry of a Confidentiality Order, the parties will follow Local Rule 26.2.

## IX.    DIRECT PURCHASER ACTIONS

1.    The parties acknowledge that a number of purported class actions have been filed in this Court against the Defendants on behalf of direct purchasers of Toprol-XL (the Direct

11

Purchaser Actions). The parties in the Direct Purchaser Actions have negotiated and submitted to the Court a proposed ~~case management~~ PRETRIAL No. 1 order that is substantially similar to this Order. In that regard, the Defendants may request the Court to consolidate or coordinate the Direct and End-Payor Actions and have them governed by a consolidated ~~case management~~ PRETRIAL No. 1 order. Plaintiffs reserve the right to object to such a request.

## X.    MODIFICATION

1. Any party may, for good cause shown, move for modification of any provision of this Order.


SO ORDERED this 5th day of _April_, 2006.



United States District Judge

508227

FILED

APR 5 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

12

## SCHEDULE A

*Mark S. Merado, on behalf of himself and all other persons and entities similarly situated v. AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca AB, and Aktiebolaget Hassle*, Docket No. 06-71 (D. Del.), filed on February 3, 2006.

*Neil Lefton, on behalf of himself and all others similarly situated v. AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca AB, and Aktiebolaget Hassle*, Docket No. 06-73 (D. Del.), filed on February 3, 2006.

*Mary Anne Gross, on behalf of herself and all others similarly situated v. AstraZeneca AB, Aktiebolaget Hassle, and AstraZeneca LP,* Docket No. 06-81 (D. Del.), filed on February 6, 2006.

*International Association of Fire Fighters Local 22 Health & Welfare Fund; American Federation of State, County and Municipal Employees District Council 47 Health and Welfare Fund; and United Food and Commercial Workers Union Local 1776 and Participating Employers Health and Welfare Fund, on behalf of themselves and all others similarly situated v. AstraZeneca Pharmaceuticals L; AstraZeneca LP; AstraZeneca AB; and Aktiebolaget Hassle*, Docket No. 06-83 (D. Del.), filed on February 7, 2006.

*A.F. of L. AGC Building Trade Welfare Plan and Sheet Metal Workers Local 441 Health & Welfare Plan, on behalf of themselves and all others similarly situated v. AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca AB, and Aktiebolaget Hassle*, Docket No. 06-86 (D. Del.), filed on February 8, 2006.

*United Union of Roofers, Waterproofers and Allied Workers, Local No. 74 Health and Pension Fund and United Union of Roofers, Waterproofers and Allied Workers, Local No. 203 Health and Pension Fund, on behalf of themselves and all others similarly situated v. AstraZeneca AB, Aktiebolaget Hassle, and AstraZeneca LP,* Docket No. 06-93 (D. Del.), filed on February 9, 2006.

*Plumbers and Pipefitters Local 572 Pension Fund, on behalf of itself and all others similarly situated v. AstraZeneca Pharmaceuticals LP, a Delaware Corporation, AstraZeneca LP, AstraZeneca AB, Aktiebolaget Hassle*, Docket No. 06-102 (D. Del.), filed on February 15, 2006.

*National Joint Powers Alliance, on behalf of itself and all others similarly situated v. AstraZeneca AB, a Swedish Corporation, Aktiebolaget Hassle, a Swedish Corporation, AstraZeneca LP, a Delaware Limited Partnership, and AstraZeneca Pharmaceuticals LP, a Delaware Limited Partnership*, Docket No. 06-116 (D. Del.), filed on February 23, 2006.